## HAMILTON v. VEACH.

1. **Presumptions:** JUDGMENT: NOTICE OF PROTEST. A judgment in favor of the last indorsee of a promissory note against the maker and indorsers thereof raises the presumption that all parties to the judgment who were entitled to notice of protest received the same; and in an action by an indorsee against his immediate indorser to recover moneys paid on such judgment it is not necessary to allege notice.

2. **Promissory note:** PROTEST AND NOTICE. The holder of a promissory note which has passed through the hands and received the indorsements of several parties, may elect to hold either one or all of the prior indorsers. If he elects to hold all liable he must give all notice of protest; if to hold but one it is only necessary to give that one notice. If an indorser thus notified would hold his prior indorsers liable, he must give them notice. When an indorser receives notice of non-payment and protest, either from a subsequent indorser or from the holder of the note it inures to the benefit of all subsequent indorsees.

*Appeal from Clayton District Court.*

TUESDAY, JANUARY 9.

THE record reveals the following state of case: One Brown gave his note for $500, to James Mansfield; he indorsed the same to Veach and he to Hamilton. Hamilton, with one Lown, guaranteed and transferred the note to H. B. & E. S. Carters. The Carters sue the maker, Brown, and all the intermediate indorsers and guarantors, and obtain judgment against each and all of them.

Afterwards, by execution, levy and sale, they made a part of their judgment, namely, $400, out of the property

of Hamilton. Hamilton brings this suit to recover the $400, with accruing interest, from the defendant, his immediate indorser. In his petition, he makes no averment of a demand and notice of non-payment. For this reason the defendant demurred; which the court, against the exceptions of the defendant, overruled the demurrer, and its decision upon that question is now brought here for review.

*Murdock & Stoneman* for the appellants.

*J. O. Crosby* for the appellee.

LOWE, J.—It is a legal presumption, rightfully to be indulged, that if the Carters, being the last holders of the paper, obtain judgment against all the parties to the note, that such as were entitled to notice of protest, in order to fix their liability, did receive the same, otherwise judgment would not have gone against them.

1. PRESUMPTION: protest and notice.

If, then, the defendant, Veach, was legally affected with notice of protest in the suit of the Carters against him and others, it is a misconception of the rules of commercial law to hold that when he is sued by his immediate indorsee, that such indorsee, in his petition, must aver that notice of protest had been served upon him either in the first or the second action.

The subject of protest for non-payment and notice thereof, this court had occasion to explicate to some extent in the case of *Fahnestock et al.* v. *Smith et al.*, reported in 14 Iowa, 561. We there stated the principle that must settle this case, although in the discussion of a different question. We also refer to 1 Parson's new treatise on the law of promissory notes and bills of exchange, on pages 487 to 515, inclusive. The

2. PROMISSORY NOTE: judgment: notice of protest.

doctrine, as bearing upon the question under consideration, may be stated to be in substance this:

That the last holder of a protested note, which has passed through a number of hands, has his election to hold one or more of the parties to the instrument; if he chooses to hold all, he must promptly give notice to each prior indorser of protest; if he elect to hold but one, he need only notify him, but that one, in order to protect himself (if there was a prior indorser), must affect him with the required legal notice, and he the next, until they successively get back to the first, so that, when the first or any subsequent indorser is affected with notice in this circuitous manner, or they severally receive notice from the last holder, whichever way it is done, such notice inures to the benefit of all the parties to the paper, who had become such subsequent to the party notified.

It results, therefore, that in this suit it was not incumbent upon the plaintiff, in order to hold his indorser for the amount he paid on the note, that he should allege and prove a demand and notice of non-payment, and that the demurrer as well as the motion for a new trial, based upon the same cause, were each properly overruled.

It is scarcely needful to say that plaintiff's guaranty of the note to the Carters, in his transfer to them, did not, in the slightest degree, alter or change defendant's liability as indorser. His responsibility as such may have been the moving cause of the plaintiff's guaranty.

Judgment affirmed.

Affirmed.